# In the United States Court of Federal Claims

No. 23-1018

Filed: July 12, 2023

---

**LOGAN WAYNE MERRITT,**

        *Plaintiff*,

v.

**THE UNITED STATES,**

        *Defendant*.

---

## OPINION AND ORDER

**TAPP, Judge.**

Pro se Plaintiff, Logan Wayne Merritt ("Mr. Merritt"), seeks $62,500 arising from what he characterizes as his wrongful incarceration following a "false arrest." (Compl. at 1–3, ECF No. 1; Civil Cover Sheet at 1, ECF No. 1-1). Mr. Merritt also seeks to proceed *in forma pauperis* ("IFP"). (ECF No. 2). The Court grants Mr. Merritt's IFP application; however, as Mr. Merritt's Complaint does not allege claims that fall within the Court's subject-matter jurisdiction, the Court dismisses the Complaint under RCFC 12(h)(3).

Determining whether a court has subject-matter jurisdiction is a threshold issue in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). If the Court finds at any time that it lacks subject-matter jurisdiction, dismissal is required. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

The Court of Federal Claims possesses subject-matter jurisdiction over violations that mandate payment of money damages by the Federal Government. 28 U.S.C. § 1491(a)(1). The Tucker Act, the primary statute establishing the Court's jurisdiction, limits the Court's jurisdiction to claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; or (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. *Id*. Thus, a plaintiff's invocation of the Tucker Act must be attached to another substantive source of law—either contract, statute, or regulation—that mandates payment of money damages. *Livingston v. Derwinski*, 959 F.2d 224, 224 (Fed. Cir. 1992) ("[M]ere recitation of a basis for jurisdiction by either party or a court, is not controlling; we must look to the true nature of the action.").

The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."). Pro se plaintiffs such as Mr. Merritt are "not expected to frame issues with the precision" of parties represented by counsel. *Roche v. United States Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, pro se plaintiffs' complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, there is "no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011). In reviewing pro se claims, the Court may excuse ambiguities, but not defects. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (finding that pro se status does not relieve plaintiffs of the obligation to demonstrate jurisdiction by a preponderance of the evidence). Mr. Merritt's Complaint does not satisfy the Court's subject-matter jurisdiction because his allegations do not involve the United States and fail to identify any money-mandating substantive sources of law.

The United States is the only proper defendant in the Court of Federal Claims, but merely naming the United States as a party is not enough. *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997); *see also* RCFC 10(a). Rather, it is imperative that the complaint's allegations directly target the Federal Government. *See Hills v. United States*, 162 Fed. Cl. 750, 752 (2022); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Mr. Merritt fails to allege any facts that connect his arrest and incarceration to the United States or its agents, nor does he identify any substantive sources of law that would entitle him for money damages against the United States.[1] *See Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) ("This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees").

Furthermore, the Court lacks jurisdiction to review the merits of criminal convictions or set aside judgments by other courts. *See e.g.*, *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 704 (2016) ("[The Court of Federal Claims] lacks jurisdiction to review the decisions of state courts."). The Court also lacks jurisdiction to review the merits of any false arrest claims, as those claims sound in tort. *Keene*

---

[1] Although 28 U.S.C. § 1495 provides a remedy for some unjust convictions, Mr. Merritt's Complaint makes no reference to this provision. Moreover, the Complaint does not proffer any judicial findings that would indicate Mr. Merritt ever committed "an offense *against the United States*," let alone one for which his conviction was "reversed or set aside." *See* 28 U.S.C. § 1495 (giving the Court jurisdiction to render judgment on claims "for damages by any person unjustly convicted of an offense against the United States and imprisoned.) (emphasis added); 28 U.S.C. § 2513(a)(1)–(2) (plaintiffs suing under Section 1495 "must allege and prove" that their conviction was set aside); *Sanganza v. United States*, 164 Fed. Cl. 188, 196 (dismissing complaint for lack of subject-matter jurisdiction when the plaintiff "did not provide a certificate of innocence, or allege any similar facts that may be construed as compliant with 28 U.S.C. § 2513").

*Corp. v. United States*, 508 U.S. 200, 214 (1993). Even the most generous reading of Mr. Merritt's Complaint fails to present the Court with a claim that falls within its jurisdiction.

Mr. Merritt has a track record of initiating fruitless claims in federal courts. *See e.g.*, *Merritt v. Benton, et al.*, Case No. 23-6037 (W.D. MO. May 1, 2023) (dismissing the case for failure to comply with the court orders); *Merritt v. Fincham, et al.*, Case No. 23-6036 (W.D. MO. May 1, 2023) (dismissing for failure to comply with the court orders). In *Merritt v. Marquart*, Case No. 23-6025 (W.D. MO. Mar. 10, 2023), Mr. Merritt presented claims that were nearly identical to his claims in this case, and the district court dismissed that case as frivolous, and "in all significant ways," duplicative of Mr. Merritt's other cases. Given Mr. Merritt's track-record of filing duplicative frivolous cases, the Court **CERTIFIES** that any appeal from this Order would not be taken in good faith because Plaintiff's claims are clearly outside the jurisdiction of this Court and frivolous. 28 U.S.C. § 1915(a)(3).

Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis,* (ECF No. 2), is **GRANTED**. However, the Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk's Office is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**



s/       David A. Tapp
DAVID A. TAPP, Judge